# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-920V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| L.Z., | \* | |
| | \* | Filed:  September 25, 2018 |
| Petitioner, | \* | |
| | \* | Special Master Corcoran |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | Order; Motion for Redaction; |
| HUMAN SERVICES, | \* | Entitlement Decision; Influenza |
| | \* | ("flu") Vaccine; Multiple Sclerosis |
| Respondent. | \* | ("MS"); Significant Aggravation. |
| | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Adriana R. Teitel*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ORDER GRANTING MOTION TO REDACT[1]

On September 29, 2014, L.Z. filed an action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The petition alleged that an influenza ("flu") vaccine L.Z. received on October 16, 2011, caused her to experience transverse myelitis ("TM"), optic neuritis ("ON") and/or multiple sclerosis ("MS"), or significantly aggravated an underlying neurologic disorder. *See* Amended Petition ("Am. Pet.") (ECF No. 26) at 2.

---

[1] Although this Ruling has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Ruling in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758 (codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012)) ("Vaccine Act" or "the Act"). E-Government Act of 2002, 44 U.S.C. § 3501 (2012). For purposes of brevity, all subsequent references to sections of the Act herein shall omit the 42 U.S.C. §§ 300aa prefix.

I issued a decision denying entitlement in the case on August 24, 2018. *See* Decision, filed Aug. 24, 2018 (ECF No. 58) (the "Entitlement Decision"). Petitioner has now requested, pursuant to Vaccine Rule 18(b), that I redact her name throughout the Entitlement Decision to protect her private medical information from disclosure. *See* Motion for Redaction, dated Sept. 7, 2018 ("Mot.") (ECF No. 61). For the reasons stated below, I hereby grant Petitioner's motion.

## Procedural Background

Petitioner filed the present motion on September 7, 2018, requesting that her name be redacted from the Entitlement Decision. Mot. at 1. Petitioner argues that absent redaction, disclosure of certain information contained in the published decision would constitute a clearly unwarranted invasion of privacy due to the "sensitive nature of her medical condition" and "how this information may interfere with her current and future employment." *Id.* at 4. Petitioner's motion was supported with factual examples of how disclosure could adversely impact her current and future employment status. For example, Petitioner states that she has not disclosed her current medical condition to her employer. *Id.* Although Petitioner maintains that she does not suffer from cognitive impairment as a result of her MS, she fears her employer may negatively associate her condition with symptoms she does not have (such as fatigue, depression, or cognitive decline). *Id.* Petitioner thus asks that the court redact the current version of the Entitlement Decision (including the case caption) and identify Petitioner with the initials "L.Z." to remedy her concerns. *Id.* at 2.

On September 21, 2018, Respondent filed a brief reacting to Petitioner's motion. *See* ECF No. 62 ("Resp."). Respondent generally discussed the standards to be applied in weighing redaction requests based on two decisions addressing the matter at length. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 456-57 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013); *Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013); Resp. at 2-5. Despite the above, Respondent took no position as to whether redaction was appropriate or not in this case, deferring resolution of the matter to my discretion. Resp. at 5-6. Petitioner did not file a reply. The matter is now ripe for resolution.

## Analysis

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.,* No. 12-312V, 2015 WL 11387761, at \*2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015); § 12(d)(4)(B); Vaccine Rule 18(b). The Act provides for redaction from published decisions of certain categories of information – "medical files and similar files" – but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioners' names (which are not similarly protected automatically) may also

be redacted if the movant establishes proper grounds for so doing. *See generally W.C.*, 100 Fed. Cl. at 460-61 (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland*, 2011 WL 802695, at *7-8 (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

As Respondent's brief notes, and as I have previously observed, *W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* affirmative showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.,* 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's renewed motion for redaction because she established that disclosure of her injuries would cause her harm in the employment context); *S.B. v. Sec'y of Health & Human Servs.*, No. 14-918V, slip op. (Fed. Cl. Spec. Mstr. Feb. 9, 2016).

In the present matter, I find that it is appropriate to grant the redactions proposed by Petitioner. As noted above, the relief Petitioner requests is minimal. Petitioner requested only that her name be redacted from the Entitlement Decision to protect private information relating to her medical history and current disease course, but did not request redaction of other information, such as her medical condition or the vaccine claimed to have caused her injury, pertaining to the substance of the Entitlement Decision.[3] Petitioner has thus made an adequate showing for her request based on a concern that disclosure of her condition could negatively impact her current employment status and future prospects. *See, e.g.*, *K.L.*, 2015 WL 11882259, at *1 (redacting decision where petitioner asserted disclosure of her medical condition would cause her harm in the employment context). Accordingly, I will grant Petitioner's motion to redact her name from the Entitlement Decision, and will similarly redact the case caption and refer to Petitioner as L.Z.

---

[3] It is my general assessment that absent a strong showing, such information would not be appropriate for redaction under the Vaccine Act given the public's interest in disclosure of possible vaccine-related injuries. *See W.C.*, 100 Fed. Cl. at 461.

## CONCLUSION

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of her name and personally identifying information in the Entitlement Decision in this case, and I therefore **GRANT** the motion to that extent. **The Clerk of this Court is hereby instructed to change the caption of this case to the following:**

```
* * * * * * * * * * * * * * * * * * * * * * * * *
L.Z.,                              *
                                   *
              Petitioner,          *
                                   *
       v.                          *
                                   *
SECRETARY OF HEALTH AND            *
HUMAN SERVICES,                    *
                                   *
              Respondent.          *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master