# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-920V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *   Special Master Corcoran
                                              *
L.Z.,                                         *
                                              *   Filed:  November 15, 2018
              Petitioner,                     *
                                              *   Decision; Attorney's
       v.                                     *   Fees and Costs.
                                              *
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *
                                              *
              Respondent.                     *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Adriana R. Teitel*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On September 29, 2014, L.Z. filed a Petition under the National Vaccine Injury Compensation Program (the "Vaccine Program"[2]), alleging that the influenza ("flu") vaccine she received on October 16, 2011, either caused transverse myelitis ("TM"), optic neuritis ("ON"), and/or multiple sclerosis ("MS"), or significantly aggravated her existing MS. Am. Pet. at 2, Nov. 5, 2015, ECF No. 26. A hearing in the matter was held on November 13, 2017, and I denied an

---

[1] Although this Decision has not formally been designated for publication, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

entitlement award by Decision dated August 24, 2018 (ECF No. 58). Petitioner did not seek review of the Decision, and therefore judgment was entered on September 25, 2018, dismissing the claim (ECF No. 64).

On October 10, 2018, Petitioner filed a request for a final award of fees and costs. *See* Application, Oct. 10, 2018, ECF No. 66 ("Mot."). Petitioner asks for $61,521.40 in fees for work performed by six different Homer Firm attorneys of varying degrees of seniority and experience between June 2014 and October 2018. Mot. at 1, 4–35. In addition, L.Z. asks for costs in the amount of $18,612.08, including records collection fees, shipment costs, attorney travel costs, and the case's filing fee. *Id.* at 2, 37–85. Also included in Petitioner's requested costs is $14,800.00 for Petitioner's testifying expert, Dr. Salvatore Napoli, who billed his time (31 hours of work, plus 12 hours of travel time billed at a half-rate) at a rate of $400.00 per hour. *Id.* at 83–84. Petitioner also filed a statement pursuant to General Order No. 9 stating that she incurred no other unreimbursed costs. ECF No. 67.

Respondent reacted to Petitioner's fees request on October 22, 2018 (ECF No. 68), indicating that he was satisfied the statutory requirements for a fees award in this case had been met, and otherwise deferring to my discretion in deciding the reasonable amount of any such award.

I find that Petitioner is entitled to an award of fees and costs in the full amount requested. I have had numerous occasions to weigh in on both the propriety of fees awards to unsuccessful petitioners, as well as what Homer Firm attorneys should be paid for their time. *See, e.g.*, *Caruso v. Sec'y of Health & Human Servs.*, No. 15-200V, 2018 WL 3989237 (Fed. Cl. Spec. Mstr. July 6, 2018). With regard to the former question, I find that this matter was reasonably disputed despite the outcome, and therefore sufficient reasonable basis existed for its prosecution.

Regarding the amount of the fees award, I am tasked with determining both the reasonableness of the requested hourly rates and the reasonableness of time expended on the matter. Here, as in *Caruso*, Petitioner seeks forum rates for the Homer Firm attorneys that are consistent with what they have previously been awarded as recognized forum Vaccine Program petitioners, and also that track the current rate schedule for forum attorneys set forth by the Office of Special Masters. *Caruso*, 2018 WL 3989237, at *2–3; *OSM Attorneys' Forum Hourly Rate Fee Schedules*, United States Court of Federal Claims, http://www.uscfc.uscourts.gov/node/2914 (forum rates for 2015–18). Accordingly, the requested rates are applied herein.

I also find that the attorney time devoted to this matter was reasonable. Furthermore, I do not find objectionable the Homer Firm's practice of having several of its lawyers work on the same action, given that the attention paid by each is usually commensurate with experience levels, and

therefore there is little to no evidence of double-billing for the same task. I will thus award all of the requested attorney time.

Finally, the costs associated with the prosecution of this action were reasonably incurred. The same is true of the requested expert costs. Dr. Napoli's billing rate is consistent with that requested by similarly-situated experts who testify at hearing, and I found his report and testimony useful in the case's resolution. I will therefore award the requested costs in their entirety as well.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fees awards, and based on the foregoing, I GRANT Petitioner's motion for attorney's fees and costs and award a total of **$80,133.48** in fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Ronald Homer, Esq., representing $61,521.40 in attorney's fees and $18,612.08 in costs.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk SHALL ENTER JUDGMENT in accord with this decision.[3]

**IT IS SO ORDERED.**

                                          /s/ Brian H. Corcoran
                                            Brian H. Corcoran
                                            Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.